# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

RONALD E. WALTER,              )
                               )
    Petitioner,               )
                               )
v.                             )    No. 4:10CV2191 JCH
                               )
DOUGLAS PRUDDEN,               )
                               )
    Respondent.               )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that petitioner is not entitled to relief as the grounds outlined in his petition are not cognizable under § 2254. As a result, the petition will be dismissed.

## The Petition

Petitioner brings this petition asserting that the "State is violating [his] rights (ex post facto) application of new law, denying me time credit increasing my sentence." Petitioner is presumably attempting to challenge a decision by the Missouri Board of Probation and Parole to deny him parole/good time credits on his sentence.

Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a

constitutional issue are not cognizable in a federal habeas petition. E.g. Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir.1997). The instant petition, relating to "good time credits" and/or "early release" does not state a constitutional issue cognizable under § 2254 proceedings.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 12 (1979). A state's parole statutes and regulations, however, may create a liberty interest that is entitled to protection. Id. at 12; Marshall v. Mitchell, 57 F.3d 671, 672 (8th Cir. 1995). The United States Court of Appeals for the Eighth Circuit has examined this issue and has determined that the "Missouri statutes . . . do not create a liberty interest protected by the due process clause of the Fourteenth Amendment." Marshall, 57 F.3d at 672. Additionally, the Missouri parole guidelines are not mandatory. See 14 Mo. C.S.R. 80-2.020(1) ("Parole guidelines indicate the customary range of time to be served before release for various combinations of offense seriousness and offender characteristics and sentence length. Mitigating or aggravating circumstances may warrant decisions outside the guidelines."). So, the parole guidelines do not create a constitutionally protected liberty interest such that petitioner would be entitled to relief on his habeas petition. See also, Rentschler v. Nixon, 311 S.W.3d 783 (Mo. 2010).

## Conclusion

For these reasons, petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed. Additionally, the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right. In consequence, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

Dated this <u>28th</u> day of March, 2011.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE