# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RONALD E. WALTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:10CV2191 JCH |
| | ) | |
| DOUGLAS PRUDDEN, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion for reconsideration. The Court previously dismissed the claims in petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as non-cognizable. Petitioner claims that the Court mischaracterized the claims in the petition and failed to apply the relevant law.

Petitioner is currently serving two consecutive life sentences for convictions of murder and robbery. Plaintiff was sentenced on February 14, 1983. At the time petitioner was sentenced, pursuant to statute enacted by the Missouri legislature, Mo. Rev.Stat. § 558.041, and a policy enacted by the Department of Corrections, 14 C.S.R. 10-4.010, petitioner was eligible to receive good time credits under Missouri law.

The Missouri statutes were subsequently amended, and under Mo. Rev. Stat. § 558.041 and 14 Mo. C.S.R. § 10-5.010, petitioner is no longer eligible to receive good time credits because he is serving a life sentence. Petitioner argues that this

change in law violates the Ex Post Facto clause of the United States Constitution. After careful review of the relevant caselaw, the Court declines to reconsider its dismissal of this action, but will elaborate on the reasons for the dismissal pursuant to petitioner's request for clarification.

Petitioner first asserts that the Court should have considered his petition as brought pursuant to 28 U.S.C. § 2241. The Court will do so. However, even construing this case as a § 2241, petitioner's claims are still subject to dismissal, as clarified below.

Secondly, petitioner asserts that this case has nothing to do with the Missouri Board of Probation and Parole and thus the Court's conclusion that petitioner lacks a protected liberty interest in good time credits is incorrect. Petitioner's argument is entirely without merit.

Although the Missouri legislature changed the law in relation to good time credits, the legislature vested in the Missouri Board of Probation and Parole the **discretion** to apply such credits. The statute provides, in relevant part:

> 1. Any offender committed to the department of corrections...**may** receive additional credit in terms of days spent in confinement upon recommendation for such credit by the offender's institutional superintendent when the offender meets the requirements for such credit as provided in subsections 3 and 4 of this section...
> ...

> 3. The director of the department of corrections shall issue a policy for awarding credit. The policy **may** reward an inmate who has served his sentence in an orderly and peaceable manner and has taken advantage of the rehabilitation programs available to him. Any violation of institutional rules or the laws of this state may result in the loss of all or a portion of any credit earned by the inmate pursuant to this section. Mo. Rev. Stat. § 558.041 (Emphasis added).

Pursuant to § 558.041.3, the Department of Corrections has enacted regulations governing the award of good time credits. Those regulations provide that inmates "may be eligible to receive good time credit." 14 C.S.R. § 10-5.010(2)(A). Where an inmate is eligible for good time credit, that time credit is subtracted from the inmate's conditional release date, resulting in a "projected time credit release date." Id. The Department's policy further provides that "[i]nmates demonstrating acceptable behavior and appropriate program involvement shall be eligible for consideration for administrative parole release on [their projected time credit release] date." Id. Thus, even where an inmate is eligible for good time credits, <u>such credits merely entitle the inmate to consideration for administrative parole</u>. In other words, § 558.041 does not create an **entitlement** to good time credit, but leaves substantial **discretion** to the award of such credit in the Board of Probation and Parole. See Spencer v. State, 2010 WL 5285359, *8-9 (Mo.Ct.App. December 28, 2010); Badgley v. Mo. Dept. Of Corr., 977 S.W.2d 272, 276 (Mo.Ct.App. 1998); Charron v. Nixon, 318 S.W.3d 740, 744 (Mo.Ct.App. 2010).

Thus, both the availability of conditional release and the application of good time credits to reduce an inmate's period of incarceration are subject to the **discretion** of the Missouri Board of Probation and Parole. As noted in the Court's prior Memorandum and Order, an inmate has no protected liberty interest in either conditional release or the application of good time credits.

Nor is the application of such discretion in violation of the ex post facto clause of the United States Constitution. First, the consequences imposed on petitioner do not constitute additional punishment, as his actual sentence has not been enhanced by the discretionary determinations of the Parole Board. Petitioner was sentenced in 1983 to two consecutive life sentences for convictions of murder and robbery, and he is still serving the same sentences today. There was nothing in the law that actually increased his sentence, as imposed by the sentencing court. As the Missouri Supreme Court recently enumerated, when rejecting a similar ex post facto argument in Rentschler v. Nixon, 311 S.W.3d 783, 788 (Mo. 2010):

> The federal and Missouri constitutions prohibit ex post facto laws. U.S. Const. art.I, sec. 10, cl. 1; Mo. Const. art. I., sec. 13. However, ex post facto laws only affect criminal matters - in this case, the sentence that appellants received. Section 558.011 specifically bifurcates a conviction into " a sentence term" (which would be germane to an ex post facto consideration) and "a conditional release term" (which is not germane.)

Lastly, the Court notes that the amended statute does not violate Missouri's prohibition on retrospective laws, which is even broader than the federal proscription on ex post facto laws. The Missouri prohibition on retrospective laws prohibits a law that "creates a new obligation, imposes a new duty or attaches a new disability with respect to transactions or considerations already past." F.R. v. St. Charles County Sheriff's Dept., 301 S.W. 3d 56, 61 (Mo. 2010). As noted previously, the right to credit for good conduct is not a vested right but is only contingent until the time arrives that its allowance will end imprisonment. That is, until it has been completely earned, **and a date of conditional release has been issued**, good time credits cannot be awarded. Thus, there is no vested right in good time credits. Similarly, the law does not create a new disability. The Board has always retained discretion as to whether to issue a conditional release date. The Board's consideration of granting conditional release to any inmate has always been a mere possibility, nothing more. As such, it is insufficient to support a claim for a creation of a disability, such that a violation of the prohibition on retrospective laws could be proven.

In light of the aforementioned, the Court declines to reconsider its decision dismissing the instant petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration [Doc. #5] is **DENIED**.

Dated this 20th day of May, 2011.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE